# EXHIBIT A

Filed: 1/3/2020 11:23 AM
Juanita Allen
District Clerk
Caldwell County, Texas
Leslie Estrada

Cause No.20-O-008

| | |
|---|---|
| JANNA CLAY, NANCY CLAY, § | **IN THE DISTRICT COURT** |
| **& MEREDITH BROWN** § | |
| **A/N/F OF M.C.** § | |
| **Plaintiffs,** § | |
| § | |
| **v.** § | 421ST___ **JUDICIAL DISTRICT** |
| § | |
| § | |
| **PALFINGER USA, LLC,** § | |
| **MACK TRUCKS, INC.,** § | |
| **Defendants** § | **CALDWELL COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

COMES NOW, Janna Clay, Nancy Clay, and Meredith Brown (as next friend of minor

M.C.) Plaintiffs, bring this lawsuit complaining of Palfinger USA, LLC, (hereinafter "Palfinger"),

and Mack Trucks, Inc. (hereinafter "Mack"); hereinafter collectively "Defendants", and for cause

of action would respectfully show the Court the following:

### DISCOVERY-CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3 of Texas Rules of Civil Procedure

   and affirmatively pleads that this suit is not governed by the expedited-actions process

   in Texas Rule of Civil Procedure 169 because plaintiff seeks monetary relief over

   $100,000.

### CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $1,000,000.

### PARTIES

3. Plaintiff, Janna Clay, is resident of Caldwell County, state of Texas, and brings this lawsuit

   individually and as personal representative, or in the alternative is to be appointed personal

   representative of her deceased husband, Cody Wayne Clay, and on behalf Cody Clay's

mother, Nancy Clay, and Meredith Brown, as next friend of decedent Cody Clay's minor daughter M.C, and on behalf of all statutory wrongful death beneficiaries of decedent Cody Clay. She brings this lawsuit pursuant to Texas Civil Practices and Remedies Code § 71.001-21.

4. Co-Plaintiff, Nancy Clay, mother of the decedent Cody Clay, is resident of Caldwell County, state of Texas.

5. Co-Plaintiff, Meredith Brown, as mother, guardian and next friend of M.C., a minor child who is the daughter of Cody Clay, is a resident of the state of Texas.

6. Defendant, Palfinger USA, LLC, (hereinafter "Palfinger"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Ohio. Palfinger's registered agent for service of process is Corporate Creations Network, 5444 Westheimer Road, #1000, Houston, Texas 77056. Palfinger sells or has sold products to Texas businesses, and has purposefully availed itself of the privileges and benefits of conducting business in the State of Texas.

7. Defendant, Mack Trucks, Inc., (hereinafter "Mack"), is a corporation organized and existing under the laws of the state of Pennsylvania, doing business in the state of Texas, with its registered agent for service of process CT Corporation System, 1999 Bryan Street., Ste. 900 Dallas, Texas 75201.

## VENUE

6. Venue is proper because at the time of the accrual of the cause of action, decedent Cody Clay, and plaintiff Janna Clay, were residents of Caldwell County, state of Texas.

2

## FACTS

7.    On or about March 14, 2018, PLAINTIFF was an employee of Eco-Pan, Inc. (hereinafter "Eco-Pan") working in Williamson County, Texas when injured at or around 3:00 p.m.

8.    Cody Clay was returning outriggers by which the Defendant Palfinger's bucket crane stabilizes for use, as it is attached to the rear end of the truck upon which Mr. Clay worked, when an unguarded and unreasonably dangerous piece of the machine caught Cody Clay's person, trapping him such that he could not remove himself between the outrigger and the truck, and resulting in Cody Clay's being crushed and receiving internal injuries which caused him to die.

9.    Plaintiff's injury was caused by the involved machinery, a bucket crane, which was manufactured and sold by Palfinger and/or Mack to Eco-Pan, before 15 years from the initial filing of the plaintiff's cause of action.

10.   Despite knowing that when machines are not guarded that injuries to workers will occur, Defendant Palfinger used defective designs which made the "as-installed" bucket crane, and its component part outriggers unreasonably dangerous and defective. it was without proper guards, lockouts, sensors, or remote controls.

11.   Defendants, as product manufacturers, and/or sellers, and/or distributers, are presumed to know of the defects in the design, and in the lack of proper warnings, and in failing to guard, as set-forth above at paragraph "10," stated above. The design and warning or labeling defects rendered the product in violation of the Restatement (Second)of Torts, and the Restatement (Third) of Torts, including Section 402A.

3

## NEGLIGENCE

12.  In addition, Plaintiff would show the Court that the occurrence made the basis of this suit
and the resulting injuries and damages set out below were a direct and proximate result of
the negligence and fault of Defendants in one or more of the following respects, or by
combination thereof:

      a.    Defendants, each individually is sued for failing to design the bucket
crane, or their respective parts of it, to include a guard or shield on its
feeding mechanisms, or moving parts, [Also known as "pinch points"], as
would have been done by a reasonable and prudent manufacturer under
the same or similar circumstances.

      b.    Alternatively, defendants failed to design the bucket crane to include
remote controls.

      c.    Each of the defendants failed to install onto the bucket crane, or their
respective parts, to include a guard or shield on the moving pinch point
part that caught Cody Clay's person, as would have been done by a
reasonable and prudent manufacturer under the same or similar
circumstances.

      d.    Each of the Defendants failed to install onto the bucket crane, or their
respective parts, to include a failsafe guarding, and/or remote control
system, and/or "lockout-tagout" system, which would make the machine
unable to fold inward to catch and/or crush operators, when putting up the
outriggers, or otherwise working with, or on, or in the vicinity of, the
machine's otherwise unguarded and dangerous parts and components, as

4

would have been done by a reasonable and prudent manufacturer under the same or similar circumstances.

e.  Each failed to warn of dangerous conditions on the machinery, including dangerous "pinch points," which they knew or should have known existed.

f.  Each failed to test the involved machinery to discover the defects in the design and lack of warnings and proper labels warning of the dangerous condition of the machine.

## PRODUCT LIABILITY

13.  Defendants had a duty to provide and install a reasonably safe and hazard-free machine to Cody Clay.  Defendants violated numerous duties by:

a.  Failing to provide a reasonably safe and hazard-free product for its users, without unreasonably dangerous propensities and hidden defects;

b.  Failing to properly warn the buyer and user of unsafe and potentially hazardous conditions, specifically, of the lack of guarding on its outriggers, and emergency shut off button;

c.  Failing to take affirmative steps to test and discover unsafe and potentially hazardous conditions;

d.  Failing to inspect and test the unit to insure no unreasonably dangerous conditions existed on the machine;

e.  Failing to guard against (or design out) pinch points and nip points, and grabbing points.

f.  Failing to adequately instruct and label the machine with warning labels or placards;

5

g.  Knowing that the condition of the bucket crane and its component outrigger parts posed an unreasonable risk of harm and then failing to eliminate or reduce the risk: and, therefore, violating Texas Liability Laws as stated in Texas Business and Commerce Code § 2.315 and the Restatement (Second) of Torts § 402A, and the Restatement (Third) of Torts.

h.  Defendants' negligence. or alternatively their fault in making a defectively designed product, or alternatively due to the machinery's marketing deficiencies in failing to warn, separately. or alternatively, were the proximate cause of Plaintiff's injuries and damages.  In addition. Defendants had actual or constructive knowledge of conditions in its machine that posed an unreasonable risk of harm to users such as Plaintiff. and the machine violated the standard of care explained and required by Federal OSHA regulations.

i.  There was a safer alternative design which would have implemented appropriate guarding and warnings which in turn would have prevented the Plaintiff's injury and these design improvements and proper warnings were technically and economically feasible.

## BREACH OF WARRANTY

14.  Because Plaintiff was a user of the bucket crane, Defendants owed him a duty to:

a.  exercise ordinary care to sell a machine that was fit for the purposes of industrial use, without the risk of harm of being injured in the course of his work duties, which made it unreasonably dangerous and unsafe, in violation of the Restatement (Second) of Torts, the Texas Business, and Commerce

6

Code part 2.315, and also constituted a failure to exercise ordinary care in the design, manufacturing, and marketing of said machine;

b.  exercise proper inspection and testing of the Bucket crane to insure that it would be sold in a properly assembled and safe condition;

c.  fulfill the implied and/or specific warranty of fitness for a particular purpose (Texas Business and Commerce Code part 2.315) as a safe industrial machine, and under the Texas Business and Commerce code, part 2.314, that it meet the Implied Warranty that it is merchantable and fit for industrial purposes without the risk of injuring while being swabbed without any warning, and with the potential to cause injuries to the operator, in this case injury to Cody Clay;

c.  manufacture a Bucket crane that is reasonably fit for the purposes for which they were intended without unreasonable risks of harm, and Defendants are liable for violating the above duties and laws.

d.  Because the Bucket crane made by Defendants was defectively designed and contained marketing defects, it was unreasonably dangerous and caused the incident and injuries to plaintiff's torso and body and internal organs.

## NEGLIGENT UNDERTAKING

16.   Defendants had a duty to the plaintiff to undertake any installation, maintenance, and/or safety inspections in a reasonably prudent manner, and upon information and belief, failed to do so. Defendants violated these duties by failing to undertake installation, maintenance, and safety inspections in a reasonably prudent manner, and should have provided and installed, and maintained a reasonably safe and hazard-free

7

machine to or for the benefit of Cody Clay, whose injuries were a foreseeable result of these failures, and who was a person for whose benefit and protection the aforesaid defendants failed to protect, and are liable under the theory of negligent undertaking as stated in § 324A Restatement (Second) of Torts. Moreover, under the doctrine of *res ipsa loquitor*, their failures are evident by virtue of the lack of guarding and ameliorative conduct, despite their knowledge and maintenance of the machine, which resulted in Cody Clay's use of an unreasonably dangerous bucket crane.

## DAMAGES

15.    Plaintiff respectfully requests the following damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff:

       a. The amount of reasonable medical expenses which was paid by (Workers' Compensation/Insurance) and paid on behalf of decedent. Such medical treatment was necessarily incurred in the treatment of decedent's injuries in the past and are owed.

       b. The loss of earnings and benefits in the past and future;

       c. The physical incapacity and functional impairment suffered by the decedent and the resulting inability to do those tasks and services the decedent ordinarily would have been able to perform;

       d. The mental anguish decedent, and Plaintiffs suffered in the past and will continue to suffer in the future;

       e. The physical pain and suffering decedent suffered;

8

f.  The extreme disfigurement which decedent suffered from the date of the occurrence until his death.

## REQUESTS FOR DISCLOSURES

16.  Pursuant to rule 194 of the Texas Rules of Civil Procedure, Plaintiffs requests that Defendants disclose to Plaintiffs, within 50 days of the service of this request, the information and materials described in rule 194.2, to be produced at the The Carlson Law Firm, 100 E. Central Texas Expy, Killeen, Texas 76541.

## PRAYER

22.  WHEREFORE, PLAINTIFFS respectfully pray that the DEFENDANTS, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the PLAINTIFFS against DEFENDANTS for damages in an amount within the jurisdictional limits of the Court; costs of court, pre-judgment and post-judgment interest as allowed by law; together with pre-judgment interest and such other and further relief to which the PLAINTIFFS may be entitled at law or in equity; AND TRIAL BY JURY.

Respectfully submitted.

*/s/ Alexander McSwain*
ATTORNEY
THE CARLSON LAW FIRM
Texas State Bar No: 24106292
100 E. Central Texas Expy
Killeen, TX 76541
Telephone: (800) 359-5690
Facsimile: (254) 526-8204
E-Mail: amcswain@carlsonattorneys.com
*/s/ S. Reed Morgan*
ATTORNEY
THE CARLSON LAW FIRM
Texas State Bar No: 14452300
100 E. Central Texas Expy
Killeen, TX 76541
Telephone: (800) 359-5690

9

Facsimile: (254) 526-8204
E-Mail: rmorgan@carlsonattorneys.com
ATTORNEYS FOR PLAINTIFF

10