IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANNA CLAY, NANCY CLAY, and MEREDITH BROWN as next friend of M.C., A MINOR, | § § § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:20-CV-111-LY |
| | § | |
| PALFINGER USA, LLC and MACK TRUCKS, INC., | § § | |
| | § | |
| *Defendants*, | § | |

## DEFENDANT MACK TRUCKS, INC.'S
## MOTION TO DISMISS

Defendant Mack Trucks, Inc. files this Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6), respectfully showing:

## I. INTRODUCTION

This lawsuit arises from a workplace accident involving a "bucket crane truck" and the subsequent death of Cody Clay. Plaintiffs allege that Clay got trapped between the bucket crane truck and its outriggers (stabilizing equipment), and was crushed. They filed their wrongful death suit in state district court, lodging claims against two defendants: Palfinger USA, LLC ("Palfinger") and Mack Trucks, Inc. ("Mack Trucks"). They are asserting causes of action against these defendants under general negligence and what they label "product liability," "breach of warranty," and "negligent undertaking" theories. Mack Trucks has recently removed the action to federal court on diversity grounds.

In their petition, Plaintiffs are alleging that the "bucket crane, and its component part outriggers" were unreasonably dangerous and defective, lacked proper guarding or controls, and lacked proper warnings.  They variously allege that Palfinger designed, manufactured and sold the bucket crane and outriggers; their _only_ allegation as to Mack Trucks is a threadbare and conclusory allegation that this bucket crane truck was sold to Clay's employer "by Palfinger and/or Mack."  They then proceed to simply lump Palfinger and Mack Trucks together as "Defendants" in a shotgun manner for the remainder of their allegations.

Mack Trucks does not design, manufacture, market or sell "bucket crane trucks," bucket cranes, or outriggers for such trucks.  Instead, it makes and sells "incomplete vehicles," as that term is defined in the Code of Federal Regulations, which are then "completed" by third-party/unrelated body-builders with various body components to become vocational trucks such as concrete mixers, dump trucks, and "bucket crane trucks."

Plaintiffs have not alleged any defect in _Mack Trucks'_ product, nor have they alleged any tortious conduct or breach of warranty by _Mack Trucks_ giving rise to their claims or causing the injury alleged.  For these and other reasons discussed below, Plaintiffs' claims against Mack Trucks do not withstand scrutiny under the _Twombly/Iqbal_ plausibility rubric, and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. PROCEDURAL HISTORY

Plaintiffs Janna Clay, Nancy Clay, and Meredith Brown (suing as next friend of C.M., a minor) filed their original petition in state district court in Caldwell County, Texas, on January 3, 2020.[1]  They named two entities – Palfinger and Mack Trucks – as defendants.  The petition

---

[1] _See_ ECF No. 4-B (Plaintiffs' Original Petition).

purports to assert four state-law causes of action against these "Defendants": *(1)* common-law negligence; *(2)* "product liability"; *(3)* "breach of warranty"; and *(4)* "negligent undertaking."[2]

Mack Trucks removed the case to federal court on January 31, 2020, based on federal diversity jurisdiction.[3]

### III. APPLICABLE LEGAL STANDARDS

Although Plaintiffs' original petition was filed in state court before this case was removed to federal court, their claims are nevertheless subject to the federal pleading standards set forth in Rule 8, *Twombly,* and *Iqbal* – not to more lenient state pleading standards. *TEU Servs. v. Inventronics United States, Inc.*, 2018 U.S. Dist. LEXIS 114596 **4-5 (W.D.Tex. Feb. 5, 2018) (citing FED. R. CIV. P. 81(c)(1); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Aschroft v. Iqbal*, 556 U.S. 662 (2009)). "Under this standard, a claim should be dismissed under Rule 12(b)(6) only when a plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Id.* (citing and quoting *Shaken v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 290 (5th Cir. 2016)); FED. R. CIV. P. 12(b)(6). The pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This standard "does not impose a probability requirement at the pleading stage," *Twombly*, 550 U.S. at 545, but it "asks for more than a sheer possibility that the defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. While "detailed factual allegations" are not required,

---

[2] *See id.* at ¶¶12-14 & 16.

[3] *See* ECF No. 1 (Notice of Removal).

the complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "As such, mere 'labels and conclusions,' '[t]hreadbare recitals of a cause of action,' and 'naked assertions devoid of further factual enhancement' will not suffice to sustain a claim." *TEU Servs., supra*, at **5-6 (citing *Iqbal*). "Ultimately, judging 'whether a complaint' contains sufficient factual allegations to state a 'plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial expertise and common sense.'" *Id.* at *6.

## IV. ARGUMENT AND AUTHORITIES

**A.    The <u>sole</u> allegation against Mack Trucks or its product is the threadbare, unspecific and conclusory allegation that the subject "bucket crane truck" was sold to Clay's employer "by Palfinger and/or Mack."**

Plaintiffs' claims are based on an incident in which Cody Clay, an employee of a company called Eco-Pan, Inc., got trapped between a "bucket crane truck" and its outriggers (stabilizers), "resulting in [sic] Cody Clay's being crushed and receiving internal injuries which caused him to die."[4]  Several times, the petition refers to the bucket crane body and outriggers as the "machinery" or the "machine" of which they complain (*e.g.*, "Plaintiff's injury was caused by the involved machinery, a bucket crane, which was …").[5]

The petition does make some allegations specific to defendant Palfinger.  For example, it refers to outriggers "by which the Defendant Palfinger's bucket crane stabilizes for use …".[6]  It also asserts that "Defendant Palfinger used defective designs which made the 'as-installed' bucket

---

[4]  *See* ECF No. 4-B (Plaintiffs' Original Petition) at ¶8.

[5]  *See, e.g., id.* at ¶¶9 & 10.

[6]  *Id.* at ¶8.

crane, and its component part outriggers unreasonably dangerous and defective, [sic] it was without proper guards, lockouts, sensors, or remote controls."[7]

But, the petition only makes one threadbare "specific" allegation as to Mack Trucks when Plaintiffs allege that "Plaintiff's injury was caused by the involved machinery, a bucket crane, which was manufactured and sold by Palfinger ***and/or Mack*** to Eco-Pan …" (emphasis added).[8] And, the rest of the petition simply gratuitously lumps[9] allegations against both Palfinger and Mack Trucks together as "Defendants," as if *(i)* these two companies are somehow (incorrectly) affiliated or related, or *(ii)* Mack Trucks had anything whatsoever to do with the bucket crane body or the outriggers (it did not).

This is an example of a "bucket crane truck" with outriggers:

---

[7] *Id.* at ¶10.

[8] *Id.* at ¶9.

[9] Federal courts have repeatedly and consistently held in the context of Rule 8 that simply "lumping" two or more defendants together for purposes of collective or mutual liability without pleading the supporting facts does not show "that the pleader is entitled to relief" and does not give any of the defendants "a fair notice of what the ... claim is and the grounds upon which it rests." FED. R. CIV. P. 8(a)(2). *See, e.g., In re Auto Body Shop Antitrust Litig.*, 2015 U.S. Dist. LEXIS 114292, at *6 (M.D. Fla. June 3, 2015) (finding that complaints did not satisfy Rule 8 where no allegations against the defendant insurance companies "support attributing the wrongful conduct of one Defendant to unrelated and independent wrongful conduct of another Defendant. Lumping together separate and unrelated conduct in this manner does not put Defendants on notice of the grounds for the claims against them"); *Jacobs v. Soars*, 2014 U.S. Dist. LEXIS 175776, at *8 (D. Mass. Dec. 19, 2014) (holding that under Rule 8(a), "[j]oining all of the defendants *en masse* into the majority of the allegations without a factual basis to show how each individual was involved does not afford each defendant fair notice of the factual allegations and causes of action against him, her, or it"); *Joseph v. Bernstein*, 2014 U.S. Dist. LEXIS 114997,*3 (S.D. Fla. Aug. 19, 2014) *aff'd*, 612 Fed. Appx. 551 (11th Cir.2015) ("When a complaint indiscriminately lumps all defendants together, it fails to comply with Rule 8"); *see also Paet v. Fernandez*, 2013 U.S. Dist. LEXIS 30686, 2013 WL 840224, at *4 (D. Haw. Mar. 5, 2013); *Gould v. Citi Mortg., Inc.*, 2011 U.S. Dist. LEXIS 154359, 2011 WL 7615124, at *18 (D. Minn. Dec. 29, 2011) report and recommendation adopted, 2012 U.S. Dist. LEXIS 40775, 2012 WL 1005035 (D. Minn. Mar. 26, 2012); *Corazon v. Aurora Loan Services, LLC*, 2011 U.S. Dist. LEXIS 52712, 2011 WL 1740099, at *4 (N.D. Cal. May 5, 2011).



But, as a rule Mack Trucks does not design, manufacture, market, or sell "bucket crane trucks," "bucket cranes," or "outriggers" for bucket crane trucks – and there is no factual allegation in Plaintiffs' petition that it did or does. Instead, Mack Trucks makes and sells "incomplete vehicles," as that term is specifically defined and used in Title 49, Chapters 567 & 568 of the Code of Federal Regulations[10], which are later "completed" by third-party/unrelated "final-stage manufacturers"[11] (bodybuilders) with various body components to become functional vocational trucks such as concrete mixers, dump trucks, and "bucket crane trucks."

Here is an example of a Mack "incomplete vehicle" (*i.e.*, chassis, cab, engine and drive train) that has not yet been "completed" by a bodybuilder to become a functional vocational vehicle such as a concrete mixer, a dump truck, or a "bucket crane truck":

---

[10] *See* 49 CFR 567.3.

[11] *See id.*



**GU813 INCOMPLETE VEHICLE**

The <u>sole</u> allegation in Plaintiffs' petition specific to Mack Trucks is thus a threadbare and completely conclusory drive-by allegation that "Palfinger *and/or* Mack Trucks" sold a bucket crane truck to Clay's employer. This is *exactly* the "unadorned, the-defendant-unlawfully-harmed-me accusation," mere "label and conclusion," and "naked assertion devoid of further factual enhancement" that will not suffice to sustain a claim under *Twombly/Iqbal*. *See Twombly, supra*, at 545; *Iqbal, supra*, at 678. <u>All</u> of the claims/causes of action that have been asserted against Mack Trucks should be dismissed under Rule 12(b)(6).

**B.      Each of the four causes of action asserted must be dismissed for additional reasons.**

All of the four causes of action that Plaintiffs have alleged against Mack Trucks – generically, as one of two lumped-together "Defendants" – must be dismissed for the reason set forth above. But <u>each</u> these claims suffer from additional infirmities that also independently warrant dismissal under Rule 12(b)(6).

1.      <u>Negligence</u>.

In their first count, Plaintiffs have asserted common-law negligence claims against the two "Defendants" under six theories of negligence.[12] Each of these six theories address alleged failures

---

[12]   *See* ECF No. 4-B (Plaintiffs' Original Petition) at ¶12(a)-(f).

pertaining to either the "bucket crane" or "the machinery"[13] (which earlier in their petition they described as the bucket crane and its components[14]).

The elements of a general negligence claim under Texas law are: *(1)* existence of a duty owed by the defendant to the plaintiff; *(2)* breach of that duty by the defendant; and *(3)* the breach proximately caused the plaintiff's injury.  *See Western Invs. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

As discussed above, the sole allegation as to Mack Trucks or its product is the naked (and incorrect) assertion – disallowed under *Twombly/Iqbal* – that the subject "bucket crane truck" was sold by "Palfinger and/or Mack" to Cody Clay's employer.  Plaintiffs have failed to allege any facts regarding Mack Trucks or *its* product that would give rise to any duty colorably alleged in the petition; as to any breach of duty by Mack Trucks; or that any breach by Mack Trucks proximately caused the injuries alleged.

Plaintiffs have failed to make sufficient factual allegations vis-à-vis Mack Trucks and its product to state a "plausible claim for relief" against Mack Trucks under a general negligence theory, and this claim (or these claims) should be dismissed.

2.    "<u>Product Liability</u>."

In their second count, Plaintiffs have asserted claims against the two "Defendants" under the heading "Product Liability."[15]  Though asserted under this "Product Liability" caption, this count simply asserts more general negligence theories ("Defendants had a duty to .." and

---

[13]  *See id.*

[14]  *See id.* at ¶9.

[15]  *See id.* at ¶13(a)-(i).

"Defendants violated numerous duties by …").[16]   These additional negligence claims should be dismissed for reasons already discussed above.

Paragraph 13(g) of the "Product Liability" pleading contains a passing reference to Section 402A of the Second and Third Restatements of Torts.  Paragraph 13(h) mentions "a defectively designed product," as well as "the machinery's marketing deficiencies in failing to warn."  To the extent that Plaintiffs' pleadings can be construed to be asserting (or trying to assert) design defect and marketing defect claims against Mack Trucks under Texas's strict product liability laws, those claims must be dismissed as well under Rule 12(b)(6) and *Twombly/Iqbal*.

       i)     *Design Defect*

Under Texas law, the essential elements of a product liability cause of action arising from an alleged design defect are: *(1)* the product was defectively designed when sold; *(2)* the product was unreasonably dangerous (weighing the risk and utility) to the user; *(3)* the product reached the user without substantial change in the condition in which it was sold; *(4)* the defective and unreasonably dangerous condition of the product caused physical harm to the user; *(5)* there was a safer alternative design; and *(6)* the defect was a producing cause of the injury.  *Allen v. W.A. Virnau & Sons*, 28 S.W.3d 226, 232 (Tex. App.–Beaumont 2000, pet. denied); *see also Hernandez v. Tokai Corp.*, 2 S.W.3d 251, 256 (Tex. 1999); Tex. Civ. Prac. & Rem. Code §82.005.  To prove a safer alternative design, in turn, a plaintiff must show that the alternative design would have substantially reduced the risk of injury and would have been both economically and technically feasible. *Smith v. Aqua-Flo, Inc.*, 23 S.W.3d 473, 477 (Tex. App.–Houston [1st Dist.] 2000, pet. denied).  The risk-utility analysis for design defect claims, in turn, involves determining: *(1)* the utility of the product to the user and to the public as a whole weighed against the gravity and

---

[16] *See id.*

likelihood of injury from its use; *(2)* the availability of a substitute product which would meet the same need and not be unsafe or unreasonably expensive; *(3)* the manufacturer's ability to eliminate the unsafe character of the product without seriously impairing its usefulness or significantly increasing its costs; *(4)* the user's anticipated awareness of the dangers inherent in the product and their avoidability because of general public knowledge of the obvious condition of the product, or of the existence of suitable warnings or instructions; and *(5)* the expectations of the ordinary consumer.  *Timpte Indus. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009).  This risk-utility analysis must take into account the product's intended use and intended users.  *Id.* at 312.

Plaintiffs have not alleged *any facts at all* that support any of these elements of a design defect claim vis-à-vis Mack Trucks or its product.  Indeed, Plaintiffs haven't even alleged many of these elements of a design defect claim as a (disallowed) "threadbare recital of a cause of action."

### ii)    *Marketing Defect*

A marketing defect occurs when a defendant knows or should have known of a potential risk of harm presented by the product but markets it without adequately warning of the danger or providing instructions for safe use.  *See USX Corp. v. Salinas*, 818 S.W.2d 473, 482 (Tex. App.—San Antonio 1991, writ denied).  Under Texas law, the elements that must be pleaded and proved to recover for a marketing defect are:  *(1)* a risk of harm that is inherent in the product or that may arise from the intended or reasonably anticipated use of the product must exist; *(2)* the product supplier must actually know or reasonably foresee the risk of harm at the time the product is marketed; *(3)* the product must possess a marketing defect; *(4)* the absence of the warning and/or instructions must render the product unreasonably dangerous to the ultimate user or consumer of the product; and *(5)* the failure to warn and/or instruct must constitute a causative nexus in the

product user's injury.  *Id*. at 482-83.  A product supplier is not liable for a failure to warn of dangers that were unforeseeable at the time the product was marketed.  *Id*. at 483.  Thus, a plaintiff must show that the product supplier knew or should have known of the risks at the time of marketing. *Id.*

Once again, Plaintiffs have not alleged *any facts at all* that support any of these elements of a marketing defect claim vis-à-vis Mack Trucks or its product.  And, as with their attempted design defect claim, Plaintiffs have not even alleged many of these elements of a marketing defect claim as part of a not-allowed "bare recitation" of a cause of action.

3. "Breach of Warranty."

In their third count Plaintiffs assert claims under the caption "Breach of Warranty."[17]  As with their "Product Liability" claim(s), some of the subsections of this particular count or claim – specifically, paragraphs 14(a) & (b) – contain common-law negligence claims pertaining to "the machine" and "the Bucket crane," respectively, that should be dismissed for reasons already discussed.[18]

Paragraphs 14(c) – there are two of them – mention Sections 2.314 and 2.315 of the Texas Business and Commerce Code and the implied warranties of fitness for a particular purpose and the implied warranty of merchantability.[19]  These paragraphs, once again, specifically mention the "machine" and the "Bucket crane."[20]  To the extent that Plaintiffs' pleadings can be construed to be asserting (or trying to assert) implied warranty claims against Mack Trucks under Texas's UCC statutes, those claims, too, must be dismissed under Rule 12(b)(6) and *Twombly/Iqbal*.

---

[17] *See* ECF No. 4-B (Plaintiffs' Original Petition) at ¶14(a)-(d).

[18] *See id. at* ¶14(a)&(b).

[19] *See id.* at ¶"14(c)."

[20] *See id.*

### i)      *Implied Warranty of Fitness for a Particular Purpose*

To assert a claim for breach of the implied warranty of fitness for a particular purpose under the Texas UCC, a plaintiff must plead and prove: *(1)* the defendant sold or leased goods to the plaintiff; *(2)* the defendant had knowledge the plaintiff was buying or leasing the goods for a particular purpose, and was relying on the defendant's skill or judgment to select goods fit for that purpose; *(3)* the defendant delivered goods that were unfit for the plaintiff's particular purpose; *(4)* the plaintiff notified the defendant of the breach; and *(5)* the plaintiff suffered injury.  *See* TEX. BUS. & COMM. CODE §§2.314 cmt. 13, 2.315 & cmts., & 2.607(c)(1).

Plaintiffs have not alleged *any facts at all* that support any of these elements of a UCC breach of implied warranty of fitness for a particular purpose claim vis-à-vis Mack Trucks or its product.  And, as with other claims discussed above, Plaintiffs have not even alleged many of these elements of such an implied warranty claim even as part of a legally insufficient "threadbare recital" of a cause of action.

### ii)      *Implied Warranty of Merchantability*

To assert a claim for breach of the implied warranty of merchantability under the Texas UCC, a plaintiff must plead and prove: *(1)* the defendant was a merchant that sold or leased goods to the plaintiff; *(2)* the goods were unmerchantable; *(3)* the plaintiff notified the defendant of the breach; and *(4)* the plaintiff suffered injury. *See* TEX. BUS. & COMM. CODE §§2.314 cmt. 13, 2.607(c)(1), & 2.715 & cmts.

Again, Plaintiffs' petition is devoid of any factual allegations at all that support any of these elements of a UCC breach of implied warranty claim vis-à-vis Mack Trucks and its product.  Nor have Plaintiffs even alleged "threadbare recitations" of several elements – including elements *(2)* and *(3)* set forth above – of such a claim.

12

4.      "Negligent Undertaking."

Finally, in their fourth count, Plaintiffs assert a "negligent undertaking" claim against both "Defendants."[21]   Under Texas law, in addition to pleading the elements of a general negligence claim, a plaintiff asserting a negligent undertaking claim must plead and prove that: *(1)* the defendant undertook to perform services that it knew or should have known were necessary for the plaintiff's protection; *(2)* the party failed to exercise reasonable care in performing those services, and either *(3)* the plaintiff relied upon the defendant's performance, or *(4)* the defendant's performance increased the plaintiff's risk of harm.  *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 838-39 (Tex. 2000) (citing *Colonial Sav. Ass'n v. Taylor*, 544 S.W.2d 116, 199-20 (Tex. 1976)).

Here, once again, there are <u>no</u> factual allegations that support any of these elements of a negligent undertaking claim with respect to Mack Trucks.  Instead, there is only the conclusory allegation that "Palfinger and/or Mack" sold this "bucket crane truck" to Cody Clay's employer, coupled with the gratuitous and improper lumping of Palfinger and Mack Trucks together as "Defendants" throughout the petition.

Moreover, the pleading itself does not even properly plead or frame a negligent undertaking cause because this count does not even allege that either of the lumped-together "Defendants" – and certainly not Mack Trucks – affirmatively acted in a manner upon which reliance could even be based for the purposes of an alleged "negligent undertaing."  *See Kirk v. Precis, Inc.*, 2006 Tex.App. LEXIS 10635 **20-22 (Tex.App.–Fort Worth 2006, pet. denied) (discussing the first element of a negligent undertaking claim requiring evidence of an affirmative act by the defendant).

---

[21]  *See* ECF No. 4-B (Plaintiffs' Original Petition) at ¶16.

## V. CONCLUSION AND PRAYER

Plaintiffs' threadbare, conclusory and singular "and/or" claim regarding Mack Trucks falls far short of satisfying the plausibility requirements of *Twombly/Iqbal* and Rule 12(b)(6).  Their purely speculative claims against Mack Trucks are impermissible "unadorned, the-defendant-unlawfully-harmed-me accusations"; mere "labels and conclusions"; and "naked assertions devoid of further factual enhancement."  As discussed, Plaintiffs also do not even assert complete causes of action in several counts because essential elements of various causes are not even pleaded. Mack Trucks prays that the Court grant this motion in its entirety and dismiss all claims and causes of action asserted against Mack Trucks.  Mack Trucks also prays for all other relief to which it is entitled.

Dated: February 7, 2020

Respectfully submitted,

HOWRY BREEN & HERMAN, L.L.P.

Randy Howry
State Bar No. 10121690
rhowry@howrybreen.com
1900 Pearl Street
Austin, Texas 78705-5408
Tel. (512) 474-7300
Fax (512) 474-8557

*Attorneys for Defendant Mack Trucks, Inc.*

14

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing document was filed electronically with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court on February 7, 2020.  The electronic case filing system sends a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

Alexander McSwain
State Bar No. 24106292
amcswain@carlsonattorneys.com
S. Reed Morgan
State Bar No. 14452300
rmorgan@carlsonattorneys.com
THE CARLSON LAW FIRM
100 E. Central Texas Expy
Killeen, Texas 76541

*Attorneys for Plaintiffs Janna Clay, Nancy Clay, and Meredith Brown, as next friend of M.C., a minor*

Randy Howry

15