IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANNA CLAY, NANCY CLAY, and MEREDITH BROWN as next friend of M.C., A MINOR | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 1:20-CV-111-LY |
| PALFINGER USA, LLC and MACK TRUCKS, INC., | § § § § | |
| Defendants, | § | |

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff files this motion to remand under 28 U.S.C. §1447(c).

**A. INTRODUCTION**

1. Plaintiffs are Janna Clay, Nancy Clay, and Meredith Brown a/n/f of M.C., a minor; defendants are Palfinger USA, LLC, and Mack Trucks, Inc.

2. On January 03, 2020, plaintiff sued defendants for injuries decedent Cody Clay sustained, and his later death in the District Court of Caldwell County, state of Texas.

3. Defendant Mack Trucks, Inc. was served with the suit on January 14, 2020. See Exhibit A. Defendant filed its notice of removal on January 31, 2020

4. Defendant Palfinger USA, LLC was served on January 14, 2020.

**B. ARGUMENT**

5. A court must strictly construe the removal statutes in favor of remand and against removal. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996); *Brown v. Francis*, 75 F.3d

1

860, 864-65 (3d Cir. 1996); *see Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

6. A court may remand a case on the basis of any procedural defect identified in a motion for remand filed within 30 days after the filing of the notice of removal under 28 U.S.C. §1446(a). 28 U.S.C. §1447(c); *see Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.64 (11th Cir. 2007).

7. The Court should remand this case to state court because defendant did not obtain consent of all properly joined and served defendants. 28 U.S.C. §1446(b)(2)(A); *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003); *Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp. 2d 511, 517-18 (D.N.J. 2012); *see Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994), *overruled on other grounds, Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).  Plaintiff would also show the following:

   a. Defendant Palfinger USA, LLC was served with the lawsuit on the same day as Defendant Mack Trucks, Inc.  See Exhibit A.

   b. Mack Trucks, Inc. did not obtain the consent of Palfinger USA, LLC prior to filing the Notice of Removal, nor did they make any allegation as to the joinder or consent of Palfinger USA, LLC in its Notice of Removal, or thereafter within 30 days of service. See Defendant's Notice of Removal (ECF Nos. 1 & 4).

   c. Palfinger USA, LLC filed an Answer in the 421st District Court of Caldwell County, state of Texas on February 10, 2020.  See Exhibit B.

Furthermore, remand is mandatory on the basis of the procedural defect such as failure to timely consent.  *See Thompson v. Louisville Ladder Corp.*, 835 F. Supp. 336 (E.D. Tex. 1993).

### C. CONCLUSION

9. Because there is a procedural defect rendering Defendant's Notice of Removal ineffective, plaintiff asks the Court to grant this motion and remand this suit to the state court where it was originally filed.

### CERTIFICATE OF CONFERENCE

I hereby certify that I undertook to confer with counsel for the defendant Mack Trucks, Inc., and that they were opposed to this motion.

/s/ Alexander McSwain

Respectfully submitted,

/s/ Alexander McSwain
ATTORNEY
THE CARLSON LAW FIRM
Texas State Bar No: 24106292
100 E. Central Texas Expy
Killeen, TX 76541
Telephone: (800) 359-5690
Facsimile: (254) 526-8204
E-Mail: amcswain@carlsonattorneys.com
/s/ S. Reed Morgan
ATTORNEY
THE CARLSON LAW FIRM
Texas State Bar No: 14452300
100 E. Central Texas Expy
Killeen, TX 76541
Telephone: (800) 359-5690
Facsimile: (254) 526-8204
E-Mail: rmorgan@carlsonattorneys.com
ATTORNEYS FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing on all counsel of record via this Court's ECF system on February 20, 2020.

/s/ Alexander McSwain