FILED
2020 MAR 20 PM 4:34
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANNA CLAY, NANCY CLAY, AND MEREDITH BROWN, AS NEXT FRIEND OF M.C., A MINOR, <br>     PLAINTIFFS <br><br> V. <br><br> PALFINGER USA, LLC AND MACK TRUCKS, INC., <br>     DEFENDANTS | § § § § § § § § § § § | CAUSE NO. A-20-CV-111-LY |

## ORDER

Before the court are: Defendant Mack Trucks, Inc.'s Motion to Dismiss filed February 7, 2020 (Doc. #5); Plaintiffs' Memorandum in Response filed February 21, 2020 (Doc. #7); Plaintiffs' Motion to Remand filed February 20, 2020 (Doc. # 6); and Defendant Mack Truck's Response filed March 9, 2020 (Doc. # 8). Because the Plaintiffs' Motion to Remand challenges this court's jurisdiction, the court **WITHDRAWS** the order of March 10, 2020, referring the motion to dismiss and motion to remand (Doc. #9), and addresses the jurisdictional issue first. *See Hardy v. JPMorgan Chase Bank, Nat. Ass'n*, No. A-14-CA-360-SS, 2014 WL 2700800, at *1 (W.D. Tex. June 13, 2014).

### I. Background

This is a wrongful death suit resulting from a workplace injury occurring in Williamson County, Texas. Plaintiffs Janna Clay, Nancy Clay, and Meredith Brown (as next friend of M.C., a minor) filed their original state-court petition against Defendants Palfinger USA, LLC and Mack Trucks, Inc., on January 3, 2020, in the 421st Judicial District Court of Caldwell County, Texas, suing Defendants Palfinger USA, LLC and Mack Trucks. Mack Trucks filed its motion to transfer

venue and original answer in the state court action on January 31, 2020. On the same date, Mack Trucks removed the case to this court on the basis of diversity. Mack Trucks asserts in its Removal Petition that Defendant Palfinger had not appeared in the state cause of action at the time of removal. Mack Trucks did not secure Palfinger's consent prior to removal.

## II. Legal Standard

A defendant may remove a civil action filed in state court to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction and compliance with the requirements of the removal statute. *Shearer v. Sw. Serv. Life. Ins.*, 516 F.3d 276, 278 (5th Cir. 2008). The court must strictly construe removal statutes "against removal and for remand." *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

Section 1447(c) provides two grounds for remand: (1) a defect in removal procedure and (2) lack of subject matter jurisdiction." *Burks v. Amerada Hess Corp.*, 8 F.3d 301, 303 (5th Cir. 1993). The procedure for removal is governed by Section 1446 of Tile 28 of the United States Code. In cases involving multiple defendants, all properly served defendants must join or consent to removal within thirty days of service of process upon the last-served defendant. 28 U.S.C. § 1446(b)-(c) "Any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Thus, a district court must remand a case to state court if the defendant has not satisfied the statutory requirements for removal.

## III. Analysis

Plaintiffs have submitted evidence that Palfinger was properly served on January 13, 2010, prior to Mack Truck's removal of the case. It is undisputed that Mack Trucks removed this case without first obtaining Palfinger's consent or joinder in the remand. Thus, Mack Trucks failed to

strictly comply with the dictates Section 1446. Remand is warranted on the basis of this defective removal. In addition, Mack Trucks has filed a response, stating that it is unopposed to remand. Therefore, the court finds this case should be remanded.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand filed February 20, 2020 (Doc. # 6) is **GRANTED**, and this cause of action is **REMANDED** to the 421st Judicial District Court of Caldwell County, Texas, along with all pending motions.

SIGNED this __20th__ day of March, 2020.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE